HARDY, Judge.
This is an action, ex delicto, for the recovery of damages for personal injuries resulting from an automobile accident, and defendant appeals from judgment in favor of plaintiff.
Plaintiff and a friend, W. M. Sheffield, defendant’s assured, seventy-eight and seventy-five years of age respectively, embarked on a squirrel hunt on December 17, 1960. The hunters were accompanied in the Sheffield car — which he was driving — by several dogs. Two of these animals were shut up in the luggage compartment of the automobile but Sheffield’s small feist dog was on the front seat between him and plaintiff and plaintiff’s large cur dog, weighing some 50 to 75 pounds, was on the back seat. As the Sheffield car was proceeding at a reasonable rate of speed on Highway 4 in Caldwell Parish, the cur dog jumped onto the front seat and engaged in a fight with the small feist. In the commotion which ensued, Sheffield lost control of his car, veered off of the highway to the right, sideswiping a utility pole, at or about which point plaintiff was thrown out of the automobile. The vehicle then crossed the road to the left of the highway and came to a stop after colliding with a large tree.
Plaintiff bases his claims for damages upon the allegation that Sheffield was negligent in attempting to stop the dog fight, as the result of which he lost control of his car. The only witnesses were the parties themselves. The testimony of plaintiff, Haddox, is far from clear and positive as to Sheffield’s actions following the beginning of the dog fight. Sheffield testified that when the cur dog jumped over on the front seat he was thrown to his left against the car door and either rendered unconscious or dazed for a fractional period of *733 time; that when consciousness returned the car was off the right side of the highway and he attempted, unsuccessfully, to regain control of the vehicle by turning to the left.
 The burden in this case was upon plaintiff to establish the negligence of Sheffield, and in this we think he signally failed. The above resume, brief as it is, comprehends the gist of the testimony on the issue of negligence. Our examination of the record fails to justify a conclusion of any negligence by a preponderance of the evidence, and it follows that the judgment must be considered erroneous.
For the reasons assigned the judgment appealed from is set aside, annulled and reversed, and
It Is Now Ordered, Adjudged and Decreed that there be judgment in favor of defendant, Indiana Lumbermens Mutual Insurance Company, rejecting plaintiff’s demands, at his cost.